UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JASMINE CAMPBELL

                Plaintiff

v.　　　　　　　　　　Civil Case No. 16-cv- 7201
**COMPLAINT**
Under 42 U.S.C. § 1983

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER JAVIER O. MUNOZ
(SHIELD NO. 10519)
(In an Individual Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER JOHN DOE (fictitious
name) (In an Individual Capacity and In an Official Capacity)

                Defendants

---

1. Now comes the Plaintiff Jasmine Campbell, by and through her attorney, Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, complaining against the following Defendants: (1) The City of New York, (2) New York City Police Officer Javier O. Munoz (Shield No. 10519) (In an Individual Capacity and In an Official Capacity), and (3) New York City Police Officer John Doe (fictitious name) (In an Individual Capacity and In an Official Capacity), and alleges as follows:

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This is an action to redress the deprivation under color of a custom or usage of the State of

New York of a right secured to plaintiff by the Constitution of the United States. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because the City of New York is located in this District and the Defendants are located in Kings County in Brooklyn New York.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Jasmine Campbell is a citizen of the United States who resides in Brooklyn New York

7. Defendant New York City Police Officer Javier Munoz (Shield No. 10519) is a Police Officer who, at the time of the incident, was employed at the 75th Precinct in Brooklyn New York. New York City Police Officer Javier Munoz (Shield No. 10519) is being sued individually and in an official capacity.

8. Defendant New York City Police Officer John Doe (fictitious name) is a police officer who, at the time of the incident, was employed at the 75th Precinct. Defendant Police Officer John Doe is being sued individually and in an official capacity.

9. The true names and identities of the "DOE" defendant(s) are presently unknown to Plaintiff. Plaintiff uses the fictitious name "DOE" to designate these Defendant(s). Plaintiffs allege that the "DOE" Defendant(s), along with the other Defendant(s), are legally responsible for the incidents, injuries, and damages set forth herein, and that each of the Defendant(s) proximately caused the

incident, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true name(s) and identity(ies) of each of the "DOE" defendant(s) has been ascertained.

10. Each of the Defendant(s), including the "DOE" defendant(s), caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

11. Plaintiff is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

12. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

13. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

14. Each of the Defendants, including the "DOE" defendant(s) caused, and are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizibng or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City of New York or by agents and officers under the direction and control of the City of New York, and by failing to take remedial or disciplinary action against said agents or officers.

15. The City of New York is a municipal corporation and governmental subdivision of the State

of New York.

## FACTS

16. On 26 February 2014, upon information and belief that being Plaintiff Jasmine Campbell, the Plaintiff was in her car with a friend. The Plaintiff states that she was not committing any crime, and that she was not in possession of any illegal contraband. The Plaintiff states that Police Officer Javier O. Munoz, and the John Doe Defendants, searched her car without probable cause. The Plaintiff also states that she was seized and searched without probable cause.

17. The Plaintiff states that the passenger in her vehicle was ordered to step out of the car and he was searched by the police.

18. The Plaintiff states that on 26 February 2014 she was arrested by Defendant Police Officer Javier O. Munoz without probable cause. Plaintiff states that she was arrested under Arrest No. K14617156 in Brooklyn New York, and charged with resisting arrest and criminal possession of marihuana.

19. Plaintiff states that she was charged with under prosecution in the Criminal Court of the City of New York, in Kings County, under Docket Number 2014KN013742. Plaintiff denied all allegations in the accusatory instrument, and maintained her innocense.

20. Plaintiff states that the Criminal Case against Plaintiff was dismissed and sealed on the merits.

## COUNT ONE: FALSE ARREST

21. Plaintiff re-alleges paragraphs 1 through 20 as though set forth in full herein.

22. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant New York City Police Officers.

23. The Plaintiff states that the Defendant Police Officers did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff.

24. The Plaintiff states that the Defendant Police Officers did not have probable cause, or arguable probable cause, to search Plaintiff's car.

25. The Plaintiff denies resisting a lawful arrest on or about 26 February 2014. Plaintiff states that she did not resist arrest, and that said arrest was not lawful under New York State Law.

26. Defendant Police Officers (or any other police officer or peace officer) did not have an arrest warrant for the Plaintiff.

27. Defendant Police Officers (or any other police officer or peace officer) did not have a search warrant for the Plaintiff's vehicle.

28. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

29. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

30. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested.

31. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

32. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 32 as though set forth in full herein.

33. The Plaintiff states that she was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer.

34. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff.

35. The Plaintiff denies resisting a lawful arrest, or engaging in any conduct that could be construed as resisting a lawful arrest.

36. Defendant Police Officers did not have an arrest warrant for the Plaintiff.

37. Defendant Police Officers did not have a search warrant to search Plaintiff's vehicle.

38. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

39. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

40. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested.

41. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

42. As a direct and proximate result of the wrongful conduct of Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

43. Plaintiff re-alleges paragraphs 1 through 42 as though set forth in full herein.

44. Plaintiff states that Defendant New York City Police Officers denied the Plaintiff substantive due process, and that the intentional conduct of Defendant New York City Police Officers "shocks the conscience".

45. The Plaintiff states the Defendants, conducted a reckless investigation in that the Defendants arrested the Plaintiff without probable cause, or arguable probable cause, to believe that the Plaintiff had committed a crime. The Plaintiff states that the Plaintiff and the Plaintiff's vehicle were illegally searched.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as will sufficiently punish Defendant Police Officers for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER STEPHEN KROSKI AND OTHER DEFENDANT POLICE OFFICERS

46. Plaintiff re-alleges paragraphs 1 through 45 as though set forth in full herein.

47. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers.

48. Plaintiff states that Plaintiff had not committed any crime or violated any law.

49. Plaintiff states that she was searched, and her car was searched without probable cause.

50. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand that a police officer can search and seize an individual or an individual's vehicle.

51. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint – will frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

52. Plaintiff re-alleges paragraphs 1 through 51 as though set forth in full herein.

53. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

54. The Plaintiff states that she was deprived of her liberty when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime or violated any law.

55. The Plaintiff states that she was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest prior to the case being dismissed on the merits and sealed.

56. The Plaintiff states that the Plaintiff had committed any crime when she was arrested by Defendant Police Officer.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

_____
Lawrence P. LaBrew, Esq. (LL4455)
Attorney for Plaintiff Jasmine Shaheed
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500
Fax (212) 385-7501